IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHDMAHIR BIN ABDULLAH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-CV-2522-DMC<br><br><br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (ECF Nos. 6 and 8), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (ECF Nos. 16 and 20).

        The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including

both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

| | | |
|---|---|---|
| Step 1 | | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |

2

| | |
|---|---|
| Step 5 | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on January 13, 2014. See CAR 31.[1] In the application, plaintiff claims disability began on January 8, 2014. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 5, 2016, before Administrative Law Judge (ALJ) Mark C. Ramsey. In a May 31, 2016, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): diabetes mellitus, hypertension, obesity, and bipolar disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform medium work; he can lift 50 pounds occasionally and 25 pounds frequently; he can sit/stand/walk for eight hours out of an eight-hour day; the claimant is limited to simple unskilled non-public work with only occasional fellow employee contact; he is limited to jobs with little or no change in work routine;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 33-43.

After the Appeals Council declined review on September 27, 2017, this appeal followed.

///
///
///
///
///
///
///

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on November 6, 2018 (ECF No. 14).

# III. DISCUSSION

In his two-page pro se opening brief, plaintiff begins by citing § 405(g) regarding remand sought by the Commissioner for consideration of new evidence. See ECF No. 14, pg. 1. In support of an apparent request that the matter be remanded for consideration of new evidence, plaintiff states:

> 1. The records of Dr. Andres [Sciolla], M.D., Jeffrey Grey, M.D., and Amy Jensen were not introduced into evidence before the Administrative Law Judge or the Appeals Council since said records were not available while the case was pending before the Social Security Administration. Said records are attached hereto as Exhibits A and B to this motion. Plaintiff further seeks leave to submit an additional medical report before the hearing on this motion. (This motion is filed in some haste, in response to this Honorable Court's Order to Show Cause, of January 16, 2019).
>
> 2. The said medical evidence if [sic] new and material and relates to the issues pending before the Administrative Law Judge and/or Appeals Council and, in addition, there is good cause to obtain a remand order since said records were unavailable while the Plaintiff's application for disability benefits was pending before the Social Security Administration, and there is a "reasonable possibility"; or, in the alternative, it is "reasonably likely" that the said evidence would have changed the outcome of the Defendant's decision to deny benefits to the Plaintiff.

Id. at pg. 2.

While there is no "Exhibit A" or "Exhibit B" attached to plaintiff's brief, the following documents are attached:

> - An October 24, 2018, letter "written at the request of the client" from Jeffrey Gray, M.D., plaintiff's treating psychiatrist. Dr. Gray states:
>
>> Mohd Abdullah (DOB: 09/05/1960) is currently a patient of Northgate Point (NGP) – RST Mental Health since 09/09/2014 with DSM-V Axis I F3.9 Bipolar disorder, most recent episode unspecified. Mr. Abdullah comes in for doctor's appointment once every three months for medication management and meets with his Personal Service Coordinator once every three months or more as needed for support with case management and rehabilitation counseling. . . .
>
> - A February 11, 2019, letter from Amy Jensen, program director at Northgate Point. Ms. Jensen's statement is identical to Dr. Gray's statement.

///

5

- A "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" prepared by treating psychiatrist, Andres Sciolla, M.D., on September 9, 2016.

See id. at pgs. 4-14.

A case may be remanded to the agency for the consideration of new evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record. See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (citing 42 U.S.C. § 405(g)). In order for new evidence to be "material," the court must find that, had the agency considered this evidence, the decision might have been different. See Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990). The court need only find a reasonable possibility that the new evidence would have changed the outcome of the case. See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The new evidence, however, must be probative of the claimant's condition as it existed at or before the time of the disability hearing. See Sanchez 812 F.2d at 511 (citing 42 U.S.C. § 416(i)(2)(G)). In Sanchez, the court concluded that the new evidence in question was not material because it indicated "at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing." Id. at 512 (citing Ward v. Schweiker, 686 F.2d 762, 765-66 (9th Cir. 1982)).

Dr. Sciolla's medical source statement was submitted for the first time to the Appeals Council when plaintiff requested review of the ALJ's denial. See CAR 4. As to Dr. Sciolla's statement, the Appeals Council stated:

> You submitted records from Dr. Andres Sciolla dated September 9, 2016 (9 pages). The Administrative Law Judge decided your case through May 31, 2016. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 31, 2016.
>
> If you want us to consider whether you were disabled after May 31, 2016, you need to apply again. If you file a new claim for disability insurance benefits within 6 months and a new claim for supplemental security income within 60 days after you receive this letter, we can use July 14, 2016, the date of your request for review, as the date of your new claims. The date you file a new claim can make a difference in the amount of benefits we can pay.
>
> Id.

The letters from Dr. Gray and Ms. Jensen are submitted for the first time in this action for judicial review.

The letters from Dr. Gray and Jensen, dated October 24, 2019, and February 11, 2019, respectively, are not material because they post-date the May 2016 hearing and decision. Similarly, as the Appeals Council noted, Dr. Sciolla's September 2016 medical source statement is not material. The court finds a remand to consider new evidence is not warranted.

### IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 16) is denied;
2. Defendant's motion for summary judgment (Doc. 20) is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: August 7, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE